IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DIANA TORRES TORRES,                    :

     Petitioner,                       :
                            CIVIL ACTION 16-00432-WS-M
v.                                      :
                            CRIMINAL ACTION 12-00277-WS-M
UNITED STATES OF AMERICA,               :

     Respondent.                       :

## REPORT AND RECOMMENDATION

Pending before the Court is Torres's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 331) and Respondent's Motion to Dismiss (Doc. 333). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 8(b) of the Rules Governing Section 2255 Cases, and S.D. Ala. GenLR 72(a)(2)(R). It is now ready for consideration. The record is adequate to dispose of this matter; no evidentiary hearing is required. It is recommended that Respondent's Motion to Dismiss (Doc. 333) be granted, Petitioner's Motion to Vacate (Doc. 331) be denied, this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Diana Torres Torres. It is further recommended that any certificate of appealability filed by

1

Petitioner be denied as she is not entitled to appeal *in forma pauperis*.

Torres was indicted on November 28, 2012 for conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 (Doc. 1). On February 26, 2014, Petitioner filed a Notice of Intent to plead guilty (Doc. 249). On the next day, Torres did plead; Chief United States District Judge Steele accepted the plea and found her guilty (Doc. 251). On May 21, 2014, Chief Judge Steele sentenced Petitioner to 78 months in prison and three years of supervised release following her prison term and assessed her one hundred dollars; judgment was entered on June 5, 2014 (Doc. 269).

Court records show that Torres did not file an appeal but, on December 1, 2014, she filed a Motion to Reduce Sentence (Doc. 287). Chief Judge Steele denied the motion nine days later, indicating that Petitioner had already received the benefit she sought (Doc. 289).

On August 8, 2016,[1] Torres filed an "Addendum/Supplemental Brief to Submitted Motion Pursuant to 28 U.S.C. § 2255" that is

---

[1] Respondent states that Petitioner did not file this complaint until August 11, 2016 (Doc. 333). However, under the "mailbox rule," the date a prisoner delivers a § 2255 petition to prison authorities is deemed to be the date it was filed with the court. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). That date, presumably, was August 8, 2016 (Doc. 331, p. 4). *See United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) (Absent evidence to the contrary, a prisoner is assumed to have delivered a filing to prison

being treated as a Motion to Vacate, Set Aside, or Correct
Sentence under 28 U.S.C. § 2255, raising a single claim:  Her
sentence should be reduced as she had only a minor role in the
conspiracy (Doc. 331).  Respondent filed a Motion to Dismiss on
October 4, 2016 (Doc. 333) to which Torres responded (Doc. 335).

Before taking up Petitioner's claim, the Court notes
Respondent has answered the Petitioner, arguing that this Motion
should be dismissed as it was not filed within the one-year
statute of limitations period (Doc. 333).  Respondent refers to
provisions of the Anti-Terrorism and Effective Death Penalty Act
of 1996 (hereinafter *AEDPA*) that amended, in pertinent part, 28
U.S.C. § 2255.  The specific provisions state as follows:

> A prisoner in custody under sentence of a
> court established by Act of Congress
> claiming the right to be released upon the
> ground that the sentence was imposed in
> violation of the Constitution or laws of the
> United States, or that the court was without
> jurisdiction to impose such sentence, or
> that the sentence was in excess of the
> maximum authorized by law, or is otherwise
> subject to collateral attack, may move the
> court which imposed the sentence to vacate,
> set aside or correct the sentence.
>
> ***
>
> A 1-year period of limitation shall apply to
> a motion under this section.  The limitation
> period shall run from the latest of--

---

authorities on the date that he signed it).

> (1) the date on which the judgment of
> conviction becomes final;
> (2) the date on which the impediment to
> making a motion created by governmental
> action in violation of the Constitution
> or laws of the United States is
> removed, if the movant was prevented
> from making a motion by such
> governmental action;
> (3) the date on which the right
> asserted was initially recognized by
> the Supreme Court, if that right has
> been newly recognized by the Supreme
> Court and made retroactively applicable
> to cases on collateral review; or
> (4) the date on which the facts
> supporting the claim or claims
> presented could have been discovered
> through the exercise of due diligence.

28 U.S.C. § 2255(f).  AEDPA became effective on April 24, 1996.

Since she did not file an appeal, Torres's conviction became final on June 19, 2014, fourteen days after the entry of judgment.  F.R.App.P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after [] the entry of either the judgment or the order being appealed").  On the next day, the AEDPA statute of limitations clock began to run and did so until June 19, 2015, at which point the time for filing this action expired.  This Motion was not filed until August 8, 2016, more than a year after the limitations period had expired.

Torres argues, however, that her claim is timely because it came within one year after a Ninth Circuit opinion holding that

4

Amendment 794 to the Sentencing Guidelines, opening the door to sentence reduction when a defendant had only a "minor role" in the crime for which he or she was convicted, was to be applied retroactively.  *See United States v. Quintero-Leyva*, 823 F.3d 519, 521 (9th Cir. 2016).  Essentially, Petitioner pleads that this action was timely-filed under § 2255(f)(3).

However, the undersigned finds that Torres's reliance on an opinion of the Ninth Circuit Court of Appeals is fatal.  Section § 2253(f)(3) clearly requires that the new holding come from the United States Supreme Court.  Furthermore, as noted by U.S. Magistrate Judge Cassady in this Court, the retroactivity of the Amendment in *Quintero-Leyva* was applicable only in direct appeals.  *Burke v. United States*, 2016 WL 5867440, Action 16-00444-WS-C, *1 (S.D. Ala. August 31, 2016).  This action is a collateral attack under § 2255—not a direct appeal—so *Quintero-Leyva* is of no benefit to Petitioner under the facts presented. Therefore, the undersigned finds that this action is barred under the statute of limitations of AEDPA.

In her Response, Torres asserts that her attorney rendered ineffective assistance in not filing an appeal as she requested (Doc. 335).  She argues that if the attorney had informed her of the right to file an appeal, she would have filed one even if he did not (*id.*).  Though Petitioner does not request it, the Court

will consider this argument one in which Torres seeks a finding
that she equitably tolled the AEDPA statute.

The Eleventh Circuit Court of Appeals has held that § 2244
permits equitable tolling "'when a movant untimely files because
of extraordinary circumstances that are both beyond his control
and unavoidable even with diligence.'" *Steed v. Head*, 219 F.3d
1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. U.S.*, 177 F.3d
1269, 1271 (11th Cir. 1999)).  The *Steed* Court stated that
"[e]quitable tolling is an extraordinary remedy which is
typically applied sparingly.  Mere attorney negligence does not
justify equitable tolling." *Steed*, 219 F.3d at 1300 (internal
citations omitted).  "The burden of establishing entitlement to
this extraordinary remedy plainly rests with the petitioner."
*Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir.
2002), *cert. denied sub nom. Drew v. Crosby*, 537 U.S. 1237
(2003).  Because of the difficult burden placed on petitioners,
the Eleventh Circuit has "rejected most claims for equitable
tolling." *Diaz v. Secretary for Department of Corrections*, 362
F.3d 698, 701 (11th Cir. 2004).

The undersigned notes Torres made no specific assertions
regarding her attorney's ineffectiveness except to claim that he
did not inform her that she could file an appeal (*see* Doc. 335).
Furthermore, Petitioner made no attempt to demonstrate any

6

extraordinary circumstances that were beyond her control and unavoidable, as required in *Sandvik*.

In light of the foregoing, the undersigned recommends that the Court find that Petitioner is not entitled to equitable tolling of the statute of limitations. Because petitioner did not file her Motion until more than a year after the AEDPA limitations period had expired, she cannot be considered to have been diligent in pursuing this action and, it is due to be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

Torres has raised one claim in this Motion, but this action is time-barred under AEDPA. Therefore, it is recommended that Respondent's Motion to Dismiss (Doc. 333) be granted, that Petitioner's Motion to Vacate (Doc. 331) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Diana Torres Torres.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's

7

denial of his petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a habeas petition is denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As Torres has not filed this action in timely fashion, a reasonable jurist could not conclude that this Court errs in dismissing this petition or that she should be allowed to proceed further. *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

<u>CONCLUSION</u>

It is recommended that Respondent's Motion to Dismiss be granted (Doc. 333), that Petitioner's Motion to Vacate (Doc.

8

331) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Diana Torres Torres.  It is further recommended that any certificate of appealability filed by Petitioner be denied as she is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for

plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 2nd day of November, 2016.


<u>s/BERT W. MILLING, JR.</u>
UNITED STATES MAGISTRATE JUDGE